# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2018-0630, <u>Brian Pellerin v. Bank of New York Mellon Trust Company</u>, the court on June 14, 2019, issued the following order:**

Having considered the brief, memoranda of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Brian Pellerin, appeals the order of the Superior Court (<u>Schulman</u>, J.), following a hearing, entering judgment for the defendant, Bank of New York Mellon Trust Company, on his complaint seeking to enjoin a foreclosure sale. The plaintiff argues that the trial court erred in finding that: (1) the defendant had standing to foreclose; (2) its counsel did not commit fraud upon the court; and (3) the foreclosure sale was valid despite the prior issuance of an injunction.

"The issuance of injunctions, either temporary or permanent, has long been considered an extraordinary remedy." <u>Pike v. Deutsche Bank, Nat'l Trust Co.</u>, 168 N.H. 40, 45 (2015) (quotation omitted). "The trial court retains the discretion to decide whether to grant an injunction after consideration of the facts and established principles of equity." <u>Id</u>. (quotation omitted). "We will uphold the decision of the trial court with regard to the issuance of an injunction absent an error of law, unsustainable exercise of discretion, or clearly erroneous findings of fact." <u>Id</u>. (quotation omitted).

The plaintiff first argues that the defendant lacked standing to foreclose because the 2004 assignment of the mortgage to the defendant was defective. The defendant counters that, as part of a stipulation in the plaintiff's bankruptcy, the defendant agreed that the 2004 assignment was defective and executed corrective assignments in 2013 and 2015, well in advance of the foreclosure proceeding and the September 26, 2018 sale. The trial court found that the purpose of the 2013 and 2015 assignments was to ensure that the defendant became the plaintiff's mortgagee. The record supports the trial court's finding that the defendant, as the holder of the mortgage by assignment, had standing to foreclose. <u>See</u> <u>id</u>.

The plaintiff argues that the trial court's findings are incomplete because its order failed to account for a 2017 assignment to the defendant. The defendant counters in its brief that the 2017 assignment was unnecessary, given the effectiveness of the 2013 and 2015 corrective assignments. We note

that the plaintiff did not attend the hearing, and the record does not reflect that he brought the 2017 assignment to the trial court's attention as a basis for enjoining the foreclosure sale. We further note that the defendant asserts in its brief, and the plaintiff does not contest in his reply brief, that the chain of title that the defendant submitted at the hearing included the 2017 assignment.

On this record, we conclude that the argument that the trial court failed to account for a 2017 assignment to the defendant is not preserved. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) (parties may not have judicial review of matters not raised in trial court). Even if the plaintiff had raised this issue in the trial court, however, we would assume that the trial court found that the 2017 assignment was unnecessary or that it did not otherwise deprive the defendant of standing to foreclose. See In the Matter of Costa & Costa, 156 N.H. 323, 331 (2007) (we assume trial court made all subsidiary findings necessary to support its decision). Moreover, on this record, we reject the plaintiff's argument that the defendant's attorney committed fraud upon the court by allegedly failing to bring the 2017 assignment to the trial court's attention.

The plaintiff next argues that the trial court erred in validating the foreclosure sale despite having issued a temporary restraining order the day before the sale. The record shows that the plaintiff filed his complaint and request for injunctive relief at 4:54 p.m. on September 24, 2018, two days prior to the scheduled foreclosure sale. The following day, at 2:51 p.m., the plaintiff moved for reconsideration of the court's decision denying his request for ex parte relief. Although, upon reconsideration, the court granted the request for temporary injunctive relief, it later found that the September 26, 2018 sale was valid because it occurred before the plaintiff served notice upon the defendant or gave the defendant informal notice of the restraining order.

In his brief, the plaintiff asserts that he gave the defendant informal notice of the restraining order prior to the sale. However, as the trial court noted, the plaintiff had an opportunity to introduce evidence of such informal notice at the hearing but chose not to attend. The record supports the court's finding that the defendant did not receive informal notice prior to the sale. Accordingly, we cannot conclude that the court unsustainably exercised its discretion in validating the sale. See Pike, 168 N.H. at 45.

The plaintiff further asserts that he did not appear at the hearing because the court's notice allegedly was defective. The plaintiff relies upon language in the court's order granting his motion for reconsideration, in which it stated that it would issue a separate order granting temporary injunctive relief "pending a hearing at which the defendant can be heard." The plaintiff claims that the court failed to issue a separate order. However, the plaintiff does not contest that he received timely notice of the court's summons, which notified the parties of the time and date of the final hearing. The record

2

supports the trial court's finding that the plaintiff received notice of the hearing.  See id.  Accordingly, we reject the plaintiff's argument that the trial court, by relying upon the representations of the defendant's attorney at the hearing, violated the plaintiff's due process rights.

To the extent that the plaintiff's brief raises additional arguments, we conclude that the record is insufficient to address them, see Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004), that they are insufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), and that they warrant no further consideration, see Vogel v. Vogel, 137 N.H. 321, 322 (1993); see also In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel).

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

3